# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

————————————

№ 11-CV-1528 (JFB)

————————————

SHAKON COFFEY,

Petitioner,

VERSUS

VINCENT DEMARCO,

Respondent.

————————————

MEMORANDUM AND ORDER
July 8, 2011

————————————

JOSEPH F. BIANCO, District Judge:

*Pro se* petitioner Shakon Coffey ("petitioner" or "Coffey") brings this action pursuant to 28 U.S.C. § 2254 and 28 U.S.C. § 2241,[1] seeking his release from custody.

For the reasons set forth below, the petition is dismissed without prejudice.

## I. BACKGROUND

In the instant petition, which petitioner filed *pro se* on March 28, 2011, Coffey argues that he was unlawfully denied the right to testify before the Grand Jury, that his bail is excessive, and that his plea was not voluntary. (Pet. at 3-8.) Petitioner was indicted on May 27, 2008, in Suffolk County Supreme Court, on one count of Burglary in the Second Degree. (Aff. of Guy Arcidiacono ("Arcidiacono Aff.") ¶ 5; Pet. at 3.) Petitioner's bail was set three times by three different judges, with the final bail set at $200,000 cash and $250,000 bond. (Pet. at 6.) Petitioner pled guilty on

---

[1] Petitions under § 2241 are "generally reserved for challenges to the execution of a federal prisoner's sentence." *Zuniga v. Sposato*, No. 11-CV-1045 (JFB), 2011 WL 1336396, at *2 (E.D.N.Y. Apr. 7, 2011). To the extent § 2241 is applicable to state court petitioners seeking relief from pre-conviction detention, petitioner's claims nevertheless must be dismissed for failure to exhaust as addressed in detail *infra* with respect to petitioner's § 2254 argument. *See, e.g., Marenna v. Malloy*, No. 3:10cv675(MRK), 2011 WL 381563, at *3 (D. Conn. Feb. 2, 2011); *Lopez v. Terrell*, 697 F. Supp. 2d 549, 556 (S.D.N.Y. 2010). Nor has petitioner satisfied the exceptions to the exhaustion rule. *See infra* note 2. *See also*

*Lopez*, 697 F. Supp. 2d at 556 (citing *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003)).

December 10, 2010. (Arcidiacono Aff. ¶ 5.) Petitioner is scheduled to be sentenced on August 10, 2011. (*Id*. ¶ 5.)

On May 27, 2011, respondent filed his opposition affidavit to the petition, arguing, among other things, that the petitioner has failed to exhaust his state court remedies. On June 15, 2011, petitioner submitted his reply. The Court has carefully considered the submissions and arguments of the parties.

## II. DISCUSSION

According to 28 U.S.C. § 2254, this Court may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Moreover, a district court shall not review a habeas petition unless "the applicant has exhausted the remedies available in the courts of the state."[2] 28 U.S.C. § 2254(b)(1)(A). Although a state prisoner need not petition for certiorari to the United States Supreme Court to exhaust his claims, *see Lawrence v. Florida,* 549 U.S. 327, 333 (2007), petitioner must fairly present his federal constitutional claims to the highest state court having jurisdiction over them.

---

[2] An exception to the exhaustion rule exists, if "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i), (ii). Here, there is no evidence that there is an absence of available state corrective process, nor is there any evidence that circumstances exist in state court that render such process ineffective to protect petitioner's rights. In fact, petitioner was allegedly able to file a state writ of *habeas corpus* claiming his bail was excessive and is being sentenced in August 2011. (Arcidiacono Aff. ¶ 5; Pet'r's Reply at 3.)

*See Daye v. Attorney Gen. of N.Y.,* 696 F.2d 186, 191 n. 3 (2d Cir. 1982) (en banc). Exhaustion of state remedies requires that a petitioner "fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry,* 513 U.S. 364, 365 (1995) (quotation marks omitted) (quoting *Picard v. Connor,* 404 U.S. 270, 275 (1971)). However, "it is not sufficient merely that the federal habeas applicant has been through the state courts." *Picard,* 404 U.S. at 275-76. On the contrary, to provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state's highest court with powers of discretionary review), alerting that court to the federal nature of the claim and "giv[ing] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *see also Duncan,* 513 U.S. at 365-66.

Here, it is apparent that petitioner has not been sentenced yet, as he himself admits (Pet. at 3), and has not fully exhausted his state court remedies. First, it is clear that petitioner has not been sentenced yet so that he is not in custody pursuant to a state court judgment. *See, e.g., Allah El v. Warden of Rikers Island*, No. 07-CV-04975 (DLI)(LB), 2006 WL 5230021, at *2 (E.D.N.Y. Jan. 11, 2006) ("Even if petitioner had been convicted in state court, he is not in custody and has not alleged that he has been sentenced for a term to begin at a future date pursuant to a state court judgment."); *Reber v. Steele*, 570 F.3d 1206, 1209 (10th Cir. 2009) (petitioner, who was a state court defendant, filed his petition prior to being sentenced, thereby "fail[ing] to comply with the jurisdictional requirements" of § 2254

where "judgment in a criminal case means sentence"); *Edelbacher v. Calderon*, 160 F.3d 582, 585 (9th Cir. 1998) ("We agree with the district court's holding that it should not entertain petitioner's federal habeas petition in the absence of a penalty phase judgment in state court or until the existence of extremely unusual circumstances warrant an exception.").

Nor has petitioner exhausted his state court remedies with respect to his claims for *habeas* relief. Petitioner indicates that he "filed a State Writ of Habeas Corpus claiming his bail was excessive which was granted to the extent petitioner was entitled to have a bond set." (Pet'r's Reply at 3.) As noted above, petitioner's bail was set three times by different judges. Based on the chronology set forth by petitioner in his reply, the state court *habeas* petition was filed after his bail was set the second time so that it did not concern the third bail determination, which is the subject of the petition before this Court. In any event, even if the writ was filed with respect to the last bail amount, it is unclear whether petitioner's state *habeas* petition was considered by the New York Court of Appeals so that petitioner could fully exhaust his state court remedies on the excessive bail issue. Petitioner also claims that he "fairly alerted the state court of the nature of his Federal Constitutional claim to testify to the Grand Jury" (Pet. at 5), but does not indicate that a decision was rendered by the state court or that he subsequently appealed to the state's highest court. Petitioner makes no attempt to explain how his voluntariness of the plea claim has been exhausted. Thus, petitioner has not exhausted his state court remedies. In other words, petitioner has not presented his federal constitutional claims to the highest state court. Accordingly, the Court concludes that petitioner fails to state a claim upon which relief may be granted under § 2254, and, thus, the petition is dismissed without prejudice as premature. *See, e.g., Haynes v. Fiorella*, No. 10-cv-0843S(F), 2010 WL 4365832, at *1 (W.D.N.Y. Nov. 3, 2010) ("Since it is clear from the face of the petition that petitioner's criminal case is still pending, she is not in custody pursuant to a state court conviction and she has not exhausted her available state court remedies."); *Bolar v. Pilgrim State Psychiatric Hosp.*, No. 07-CV-5445 (NG), 2008 WL 2051029, at *2 (E.D.N.Y. May 13, 2008) ("It is clear that she has not yet been convicted of the offense with which she is charged and that she has not exhausted her state court remedies, both of which are necessary to filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.")[3]

### III. CONCLUSION

For the foregoing reasons, the instant action under § 2254 and § 2241 is dismissed without prejudice to petitioner's right to file a future petition pursuant to § 2254 and § 2241 after he fully exhausts his state court remedies.[4] The Clerk of the Court is

---

[3] Because none of petitioner's claims have been exhausted, this Court, in its discretion, has determined that dismissal of the petition is warranted, rather than a stay. *Cf. Thompson v. Burge*, No. 05-CV-2914 (JFB), 2007 WL 2020185, at * 6 (E.D.N.Y. July 6, 2007) ("When a petitioner submits a mixed petition to the court, the court may dismiss petitioner's unexhausted claims, stay consideration of the exhausted claims, and allow petitioner an opportunity to amend the petition after he returns to state court to satisfy the exhaustion requirement." (citing *Zarvela v. Artuz*, 254 F.3d 374, 379-82 (2d Cir. 2001))).

[4] The Court notes that the dismissal of this petition will not unduly prejudice petitioner because, based upon the information set forth in

instructed to enter judgment accordingly and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


SO ORDERED


_____
JOSEPH F. BIANCO
United States District Judge

Date: July 8, 2011
       Brooklyn, NY


* * *


Petitioner is proceeding *pro se*. Respondent is represented on behalf of Thomas J. Spota, District Attorney, Suffolk County, by: Guy Arcidiacono, Esq., District Attorney's Office of Suffolk County, Criminal Courts Building, 200 Center Drive, Riverhead, New York 11901.

---

his petition, it appears that he will have ample opportunity to file a timely § 2254 and § 2241 habeas petition setting forth his claims once he has exhausted his state-court remedies. *See Rhines v. Weber,* 544 U.S. 269, 276-78 (2005); *Reyes v. United States*, No. 07 Civ. 10943 (SAS), 2009 WL 274482, at *6 (S.D.N.Y. Feb. 3, 2009) ("However, '[s]everal courts of appeals . . . have held that the AEDPA's one-year statute of limitations applies equally to habeas petitions filed by *state* prisoners under 28 U.S.C. § 2241.'" (collecting cases).) Moreover, since his petition is being denied without prejudice for failure to exhaust state remedies, a future petition after exhaustion of such remedies would not be considered "second or successive." *See Camarano v. Irvin*, 98 F.3d 44, 46 (2d Cir. 1996).